No. 4065

Second Circuit

DAVIS v. RANDALL

(July 14, 1931. Opinion and Decree.)

Thornton, Gist & Richey, of Alexandria, attorneys for plaintiff, appellee.

A. D. Flowers, of Jena, and Polk & Robinson, of Alexandria, attorneys for defendant, appellant.

DREW, J. Plaintiff sued for damages in the sum of $416.50 on his own behalf for expenses incurred by him in having his minor son, Wayne Davis, treated and operated on for injuries inflicted upon him by defendant, and for the sum of $10,000, for the use and benefit of his said minor son for damages sustained by him as the result of injuries inflicted upon him by defendant on June 6, 1929, when he alleged that defendant struck said minor son of plaintiff about the head and body with a solid block of wood, one inch thick, four inches wide, and eighteen inches long, and otherwise beat and bruised the said minor, Wayne Davis. He alleged the assault was unprovoked, premeditated, and unwarranted, and set forth the injuries received by the said minor, expense incurred in having him treated, and prayed for judgment accordingly.

The defendant in answer admitted the assault and set up as a defense both self-defense and mitigation of damages; alleged that Wayne Davis was a boy of indecent and immoral habits, and that, despite defendant's protest and parental objection, he continued to associate with defendant's young daughter, Juanita Randall, slipping her away clandestinely, taking her on trips and otherwise improperly associating with her; that Wayne Davis, upon learning of defendant's objection, procured and carried a pistol, with the avowed and communicated intention of using it on defendant; that, at the time of the assault, Wayne Davis advanced upon defendant with a threatening motion, and, in defense of what defendant thought to be an attempt to do him bodily harm, he assaulted the said Wayne Davis.

Upon these issues the case was tried in the lower court, resulting in judgment for plaintiff for the amount of expenses incurred by him in the sum of $416.50, and for the use and benefit of the minor, Wayne Davis, in the sum of $1,583.50. From this judgment both plaintiff and defendant have perfected an appeal to this court.

The defendant is a man of forty-eight years and weighs approximately two hundred pounds. At the time of the assault, Wayne Davis weighed approximately one hundred eighteen pounds. Davis and two boys had entered a drug store for the purpose of securing cold drinks. All three were standing at the soda fountain, Davis with his elbow on the counter. Defendant approached from the back of Davis and struck him in the head with a piece of wood approximately one inch thick, four inches wide, and eighteen inches long, knocking him to the floor in a semi-conscious condition. Defendant then continued to strike him on the body and leg with his club and again struck him in the head, when he was stopped by a deputy sheriff who had entered the building. Not a word was spoken by either before the assault and young Davis did not know defendant was on the premises. It was a most brutal, premeditated and malicious assault by defendant upon Wayne Davis, without any provocation at the time. The plea of self-defense is entirely without merit.

Davis and defendant's daughter were both attending the same high school. He was seventeen years old and she was fifteen. They were sweethearts and at least thought they were very much in love with one another. There is nothing unusual about such a condition. Ever since there

have been boys and girls attending school, they have had their schoolday sweethearts, and, unless something not dreamed of will happen, they will always in the future continue to have their sweethearts. Defendant objected to his daughter going with Wayne Davis and punished her on one occasion for so doing. Without philosophizing on the correctness of his action and the effect it had on preventing her from seeing Wayne Davis, it is unnecessary to say that she continued to see him and talk with him at school and, on a few occasions, slipped out and went for short rides with him. The evidence discloses that on one occasion, some weeks' time before the assault, she requested Davis to drive her to Standard, a few miles away, to see a friend. He did so and left her there. On returning to Olla, his home, he found the girl's mother looking for her. He readily told her where her daughter was and, with another daughter, drove to the place where he had left the girl and brought her back to her mother. On another occasion, at night, Wayne and a girl friend of his picked up defendant's daughter, Juanita, and took her for a short drive; and on still another occasion, Wayne and a boy friend picked her up at church about 7 o'clock in the evening and took her for a short ride, returning her to the church.

There is no attempt made to show anything immoral in any of these acts or to show any immoral or indecent conduct on the part of Davis. All of these incidents occurred at least a week or more before the assault, and it is not shown that young Davis had been in the company of Juanita Randall for at least a week before the assault. There was an attempt to prove that his general reputation was bad, but the preponderance of the evidence is that he was a natural boy for his age; that he

went with the best girls of the community, and there is no testimony to show him to be immoral or indecent, or bad company for any girl. This, we think, is due to be said in fairness to the boy and girl. However, we must also recognize the right of a parent to object to his daughter's associates, however little he may accomplish by it.

We give little credence to the young man's carrying a pistol to be used on defendant. He did not have a pistol when he was assaulted, and, if he had carried a pistol before this, it would not have justified the assault. The proof of threats made by Wayne Davis against defendant is not strong; however, if made, would not have justified the assault, and we are sure the defendant was not afraid of being injured by this stripling of a boy. At the time he so brutally assaulted him, he could just as easily have taken him with one hand, turned him across his lap, and paddled him with the other.

We think the evidence justifies us in holding that defendant's act in assaulting Wayne Davis was done in revenge and for the purpose of preventing him from ever again seeing defendant's daughter. It was clearly done without provocation, was deliberate and coolly executed, with most disastrous results to the young man, and without any mitigating circumstances in law, and defendant is liable for all damages caused thereby.

The record shows that plaintiff expended on his son for doctor's, medical, and hospital bills, etc., the sum of $416.50, and the judgment in favor of plaintiff individually for that amount is correct. The amount of $1,583.50 awarded for the use and benefit of the minor, Wayne Davis, we think is entirely inadequate to cover the injuries received, the suffering and the hu-

miliation. It is conclusively shown that Wayne Davis' skull was fractured in two places, and that, after a period of some three months after the assault and beating were administered to him, he began having a form of epileptic fits every time he would get the slightest tap on the head, or become overheated, and the fits grew worse and more prolonged each time, until some time in August, over a year after the assault, he had to be operated on and have a portion of his skull removed and the bloody water drained from his brain; and that, as a result of that operation, he has lost a year from college and will be unable to do anything for a period of from twelve to eighteen months following the operation.

It is also shown that he was beaten about the back and hips, and that he could not stand on one foot for several days immediately following the beating; and that this unmerciful, unprovoked, and malicious assault took place in the presence of some eight or ten of his friends and associates, naturally causing him great humiliation, as well as pain, suffering, and permanent injury. It is shown that, while the doctors are of the opinion that he will finally recover from the operation performed on him, he has a small unprotected hole in his skull, where an opening had to be drilled in connection with the operation, and that he will always have the fear of a possible recurrence of the epileptic fits, which the doctors say may happen.

We think a judgment for his use and benefit of $5,000 will be adequate. It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by increasing the amount awarded for the use and benefit of the minor, Wayne Davis, to the sum of $5,000, and, as amended, that the judgment be affirmed.